DECISION
{¶ 1} Defendant-Appellant Jillian Davis appeals the trial court's denial of her motion to suppress. She argues that the search of her person, which uncovered crack cocaine, was supported neither by probable cause nor by valid consent. She further argues that any consent she might have given was involuntary and thus invalid as a matter of law. We affirm.
 I. He Said, She Said {¶ 2} Officer Craig Copenhaver, a six-and-a-half-year police veteran, was on a late-night patrol when he observed a man sprint away from the passenger-side window of a car parked in a makeshift driveway. The vehicle's engine was off, and its headlights were not on. He approached the parked vehicle and found two women inside, one in the driver's seat and Davis in the passenger seat. Officer Copenhaver and Davis offered divergent accounts of the events that followed. Whatever those events, it was not in dispute that Davis was eventually searched and crack cocaine found.
 {¶ 3} Officer Copenhaver testified that Davis was wearing a bikini top and unzipped pants. He stated that her erratic behavior was consistent with a person high on crack cocaine. After a consent search of the vehicle, a pat-down of Davis, and a request for her identifying information, Copenhaver asked for consent to search her person. He testified that she said yes, and in the approximately five minutes spent waiting for a female officer to arrive and conduct the search, Davis repeated her consent four or five more times.
 {¶ 4} Davis testified that she had had a few drinks and was wearing a shirt, not a bikini top. She claimed the officer commanded her to exit from the car and to place both hands on the vehicle before he sought consent to search the car. As she described the encounter, the officer did not ask for consent to search her person. She agreed that a female officer eventually arrived and conducted the search of her person.
 {¶ 5} Davis filed a motion to suppress any evidence resulting from the search. After a suppression hearing at which Officer Copenhaver and Davis both testified, the trial court denied the motion. Davis then entered a plea of no contest and was found guilty by the trial court.
 {¶ 6} On appeal, Davis assigns one error: the trial court erred in overruling the motion to suppress evidence.
 II. A Test of Credibility {¶ 7} Appellate review of a motion to suppress involves a mixed question of law and fact.[1] When considering a motion to suppress, the trial court is the trier of fact and is in the best position to resolve factual questions and to evaluate the credibility of witnesses.[2] An appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence.[3] The appellate court must then determine, without any deference to the trial court, whether the facts satisfy the applicable legal standard.[4]
 {¶ 8} Under a Terry stop, when a law enforcement officer has ascertained reasonably articulable facts giving rise to a suspicion of criminality, the officer may briefly detain an individual for investigative purposes.[5] Such an action is more limited in scope than a search and seizure justified by probable cause.
 {¶ 9} A search conducted without a warrant issued upon probable cause is per se unreasonable, subject to a few specifically established exceptions.[6] One of those exceptions is a search conducted after the subject has given consent.[7]
 {¶ 10} The state bears the burden of showing by clear and positive evidence that consent was freely and voluntarily given.[8] The determination of whether consent was voluntary is made by looking at the totality of the circumstances.[9] Police officers need not warn an individual of the right to refuse consent.[10]
 {¶ 11} Officer Copenhaver and Davis described two very different encounters, different in ways that determine the outcome of this case. Whether the search of Davis was constitutional hinges on whose description is believed. As a determination of credibility, we must show deference to the trial court as long as that court's determination is supported by competent, credible evidence.
 {¶ 12} The trial court denied Davis's motion to suppress, finding Officer Copenhaver's account to be more credible.[11] He was a six-and-a-half-year police veteran who on a daily basis encountered individuals high on drugs. His testimony provided competent, credible evidence supporting the trial court's finding of voluntariness.
 {¶ 13} The circumstances surrounding Davis's consent did not present coercive influences or pressures such that her consent could be described as involuntary. Officer Copenhaver had earlier received consent from the driver to search the vehicle. Davis consented to the search of her person when asked and, according to Copenhaver, further encouraged Officer Copenhaver to perform the search without waiting for a female officer to arrive.
 {¶ 14} Officer Copenhaver's request for consent to search Davis's person followed a lawful search of the vehicle and lawful requests for Davis to behave in a manner assuring the safety of the officer. If consent under these circumstances were involuntary, the ability of police to conduct consent searches would be in serious doubt. Consent searches are an important constitutional tool of the police and should not be so limited.[12]
 {¶ 15} Even if Davis was told to place her hands on the vehicle while the vehicle was being searched, her consent to the search of her person would still have been valid. Such a command would not have constituted an illegal seizure. A reasonable person would have understood that an officer's safety concerns required the vehicle occupants' hands to be in plain view and that such a command would not have constituted an arrest.
 {¶ 16} Such a request would also have been justified by Officer Copenhaver's entirely reasonable suspicion of criminality and danger, supported by articulable facts. His years of experience on the police force dealing with drug users, experience to which the trial court should have given due weight, led him to believe Davis was high on cocaine.[13] Her state of undress was unusual, and the immediately preceding flight of the male talking to her through the window of the vehicle was suspicious. These facts more than justified a reasonable suspicion of criminality or danger.
 {¶ 17} While Davis properly expresses the public-policy concerns about pretextual searches, such concerns are not relevant to the case at hand. This was not a traffic stop for a minor offense or a random request for consent. The facts of this case are distinguishable from State v. Robinette,[14]
which involved consent following a traffic stop. Unlike the present case, the officer in Robinette did not have reasonably articulable facts justifying a suspicion of criminality.[15]
 {¶ 18} In this case, the officer's attention was drawn to Davis and the vehicle she occupied by the sudden flight of a man leaning into the passenger-side window of the vehicle. Far from being constitutionally suspect, the officer's decision to approach the vehicle was entirely appropriate. Sudden flight at the sight of the police is suggestive of criminal activity.[16] It was possible, if not probable, that the vehicle occupied by Davis was being robbed, or that its occupants were engaged in illegal acts.
 {¶ 19} While Davis raises the objective-reasonableness test, that test is used to determine the scope of consent, not the existence of consent. The test considers how a reasonable person would have understood the exchange between an officer and the individual giving consent.[17] Here, the scope of consent was not in dispute. Davis did not testify that she placed any limitations on the search of her person, or that she withdrew consent to that search. Davis argues that she gave no consent to a search of her person, but the trial court found that she did. The trial court was entitled to believe the testimony of Officer Copenhaver.
 {¶ 20} The suggestion that the officer mistook Davis's consent to search the vehicle as consent to search her person is misplaced. There was no testimony to support that theory in the proceedings below, and the officer asked the driver, not Davis, for consent to search the vehicle.
 {¶ 21} The trial court weighed the conflicting testimony of Officer Copenhaver and Davis and denied the motion to suppress. The finding of voluntary consent from Davis was supported by competent, credible evidence. A search authorized by voluntary consent is constitutionally valid, so the evidence found upon Davis was admissible. We therefore overrule Davis's sole assignment of error and affirm the trial court's judgment.
Judgment affirmed.
Doan, P.J., and Hildebrandt, J., concur.
[1] See State v. Burnside (2003), 100 Ohio St.3d 152,2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8.
[2] Id.
[3] Id.
[4] Id.
[5] See State v. Franklin (2002), 97 Ohio St.3d 1,2002-Ohio-5304, 776 N.E.2d 26, at ¶ 11; Terry v. Ohio (1968),392 U.S. 1, 30, 88 S.Ct. 1868.
[6] See Schneckloth v. Bustamonte (1973), 412 U.S. 218, 219,93 S.Ct 2041.
[7] Id.
[8] See State v. Posey (1988), 40 Ohio St.3d 420, 427,534 N.E.2d 61.
[9] See State v. Robinette (1997), 80 Ohio St.3d 234, 242,1997-Ohio-343, 685 N.E.2d 762.
[10] See Ohio v. Robinette (1996), 519 U.S. 33, 39-40,117 S. Ct. 417.
[11] 
[12] See Schneckloth v. Bustamonte, supra, at 228.
[13] See State v. Andrews (1991), 57 Ohio St.3d 86, 88,565 N.E.2d 1271.
[14] See State v. Robinette, supra.
[15] Id.
[16] See State v. Jordan, 104 Ohio St.3d 21, 2004-Ohio-6085,817 N.E.2d 864, at ¶ 52.
[17] See Florida v. Jimeno (1991), 500 U.S. 248, 251,111 S.Ct. 1801.